IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

RECEIVED
2005 SEP 14 P 3: 01

| | | |
|---|---|---|
| **H.M. WHITE, LLC,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:05CV879-B |
| **DURR INDUSTRIES, INC. and Fictitious Defendants A, B, and C,** | : | |
| Defendants. | : | |

## COMPLAINT

1. Plaintiff H.M. White, LLC ("Plaintiff" or "HMW") is a limited liability company formed under the laws of the State of Michigan, with its principal place of business in Detroit, Michigan. At all times relevant hereto, Plaintiff was licensed to do business in the State of Alabama.

2. Upon information and belief, Defendant Durr Industries, Inc. ("Defendant" or "Durr") is a corporation organized under the laws of the State of Michigan. At all times relevant hereto, Defendant was doing business in Montgomery County, Alabama.

3. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations or other entities whose wrongful conduct caused or contributed to cause Plaintiff's damages as alleged herein, all of whose true and correct names and identities are unknown to Plaintiff at this time, but who will be substituted by amendment when ascertained.

4. Defendant is subject to the jurisdiction of this Court, and venue is properly laid herein, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391.

1049325

5. On or about July 10, 2003, Plaintiff entered into a contract with Defendant to perform certain work, including, but not limited to, oven equipment installation, at the Hyundai Motor Manufacturing of Alabama facility in Montgomery, Alabama. Defendant covenanted and agreed to pay Plaintiff for its work under the original contract, including all change orders.

6. Subsequent to execution of the original contract, additional contracts were entered into between Plaintiff and Defendant for work at the Hyundai facility (all contracts entered into between Plaintiff and Defendant are hereinafter referred to as "contract"). Again, Defendant covenanted and agreed to pay Plaintiff for its work, including all change orders.

7. The project owner, Hyundai Motor Manufacturing of Alabama ("Hyundai"), required that all contractors and subcontractors who worked at its facility participate in its owner controlled insurance program ("OCIP"). Under the OCIP program, Hyundai provided the required insurance coverage for the contractors and subcontractors. In return, the contractors and subcontractors agreed to reduce their contract price by the initial OCIP premium.

8. In furtherance of the OCIP requirement, all contractors were required to comply with the provisions of the OCIP and every contracting party was required to incorporate Hyundai's OCIP manual, in its entirety, into their subcontract agreements. Moreover, contractors were prohibited from duplicating the coverage afforded by Hyundai to the contractors and subcontractors under its OCIP.

9. The Hyundai OCIP Manual was included in Defendant's Bid Documents for the work awarded to and performed by Plaintiff.

10. Pursuant to the requirements of Hyundai's OCIP, Plaintiff applied for OCIP coverage. Plaintiff provided a copy of its application to Defendant. Marsh USA, Inc., the administrator of the OCIP for Hyundai, approved Plaintiff's application for inclusion and

1049325

participation in the OCIP. Plaintiff's bid, and the contract amount it ultimately agreed to with Defendant, was reduced by an amount corresponding to the estimated OCIP premiums as required by Hyundai.

11. On or about July 18, 2003, Plaintiff commenced work on the Hyundai project. Plaintiff submitted periodic pay requests to Defendant as its work progressed in accordance with the contract. Plaintiff completed its work on the Hyundai project on or about May 9, 2005.

12. The total amount owed by Defendant to Plaintiff for its work on the Hyundai project, including change orders, was $2,945,907.00. Despite demands for payment in full, Defendant is wrongfully withholding payment of $110,500, plus outstanding retention in the amount of $20,220.00. Defendant is attempting to back charge and deduct Plaintiff's OCIP premiums from the contract amounts it owes Plaintiff, even though Plaintiff's bid and contract already reflect a deduction for such amounts as required by the project owner. Defendant's actions are expressly prohibited by Hyundai and its contracts with Hyundai and with Plaintiff.

## Count One

13. Plaintiff incorporates by reference paragraphs 1-12 above as if fully set forth herein.

14. Defendant breached its contract with Plaintiff by failing and refusing to pay for the labor and materials supplied by Plaintiff on the Hyundai project.

15. Defendant currently owes Plaintiff $130,720.00, plus interest.

WHEREFORE, Plaintiff H.M. White, LLC demands judgment against defendant Durr Industries, Inc. in the amount of $130,720.00, plus interest, costs, and reasonable attorneys' fees.

1049325

### Count Two

16. Plaintiff incorporates by reference paragraphs 1-15 above as if fully set forth herein.

17. Plaintiff provided labor and materials for Defendant pursuant to a contract with Defendant and at Defendant's request.

18. Hyundai paid Defendant for the labor and materials provided by Plaintiff. Accepting the benefit of such labor and materials without paying Plaintiff the money it is owed has unjustly enriched defendant.

WHEREFORE, Plaintiff H.M. White, LLC demands judgment against defendant Durr Industries, Inc. in the amount of $130,720.00, plus interest, costs, and reasonable attorneys' fees.

### Count Three

19. Plaintiff incorporates by reference paragraphs 1-18 above as if fully set forth herein.

20. The Hyundai OCIP Manual was included in Defendant's Bid Documents. Defendant represented that Plaintiff was required to participate in the OCIP, but that its bid price should be reduced by an amount corresponding to the estimated premium for such OCIP coverage. Plaintiff's bid, and the contract amount it ultimately agreed to with Defendant, was reduced by an amount corresponding to the estimated OCIP premiums as required by Hyundai and Defendant.

21. Defendant's representations were false and were made intentionally with knowledge of their falsity, recklessly without knowledge or innocently by mistake. Defendant is attempting to back charge and deduct Plaintiff's OCIP premiums from the contract amounts it

1049325

owes Plaintiff, even though Plaintiff's bid price and contract already reflect a deduction for such amounts as required by Defendant and the project owner.

22. Plaintiff relied upon said misrepresentations by entering into a contract with Defendant and by reducing its total bid price by an amount corresponding to the OCIP premium.

23. As a proximate consequence of said misrepresentations, Plaintiff was caused to suffer damages and injury as set forth above.

WHEREFORE, Plaintiff H.M. White, LLC demands judgment against defendant Durr Industries, Inc. for compensatory damages and punitive damages as determined by the Court, plus interest and costs thereon.

_____
J. LISTER HUBBARD (HUB007)
R. BROOKE LAWSON III (LAW026)

Attorneys for Plaintiff H.M. White, LLC

OF COUNSEL:
CAPELL & HOWARD, P.C.
Post Office Box 2069
150 South Perry Street
Montgomery, Alabama 36102-2069
334/241-8000

1049325